United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DODOCASE VR, INC., | Case No.17-cv-07088-EDL |
| Plaintiff, | |
| v. | **ORDER GRANTING STAY** |
| | Re: Dkt. Nos. 86, 88, 89 |
| MERCHSOURCE, LLC, et al., | |
| Defendants. | |

The Court's May 22, 2018 order denying Plaintiff's motion to enforce a settlement agreement directed the parties to meet and confer on whether this case should be stayed pending the proceedings before the Patent Trial and Appeal Board ("PTAB"), which are ongoing in light of the Federal Circuit's decision to stay the Court's March 23, 2018 preliminary injunction. In their joint status report dated June 5, 2018, the parties disagreed on whether some or all of the case should be stayed while the PTAB proceedings continue. Plaintiff argued that all proceedings in this case should be stayed, whereas Defendants sought to move forward with proceedings as to: (1) non-party discovery relating to the patent claims; (2) party and non-party discovery on contract issues; and (3) a motion for partial summary judgment on the adequacy of the Lear notice with respect to Q4 2017 royalties.

"A district court has discretionary power to stay proceedings in its own court." Lockyer v. Mirant Corp., 398 F.3d 1098, 1109 (9th Cir. 2005) (citing Landis v. North Am. Co., 299 U.S. 248, 254 (1936)). In determining whether a stay is warranted based on the particular circumstances of any given case, the Court must balance the hardships or damage, as well as the efficiencies or complications that are likely to result from going forward versus staying the case. Lockyer, 398 F.3d at 1110.

Here, these considerations weigh in favor of a complete stay of the case while the PTAB

proceedings are ongoing. First, Defendants should not use the liberal discovery permitted in this court proceeding to gather patent-related evidence from non-parties for the PTAB proceedings, in view of Defendants' own acknowledgment that the patent claims in this case should be stayed. Defendants' stated concern that they will be prejudiced by a stay of non-party discovery because of the risk that relevant witnesses and documents will become unattainable is not persuasive. When Defendants initiated the PTAB proceedings after Plaintiff filed this lawsuit, it was foreseeable that the existence of a parallel proceeding would substantially increase the likelihood that a stay would be entered in this case. Moreover, the only concrete example Defendants could point to of a diminished ability to obtain discovery from non-parties was from Google, which has apparently told Defendant MerchSource that the information requested "may not be readily accessible." This is a far cry from establishing a fair likelihood that the information sought will become inaccessible or less accessible during the fifteen months that Defendants estimate it will take to receive a decision from the PTAB, assuming that the Federal Circuit allows the PTAB proceedings to continue to a final decision on the disputed patents.

With respect to the breach of contract claim and the Lear notice, the benefit of taking discovery on and resolving that issue early in the case is outweighed by the potential for wasting judicial and party resources. The original reason for entertaining an early motion for partial summary judgment on the sufficiency of the Lear notice was that both sides believed it could facilitate settlement negotiations. The parties no longer appear to be in agreement that a decision on the matter will do so. In addition, the PTAB proceedings could abrogate Defendants' invalidity defense to the breach of contract claim based on the Q4 2017 royalties by upholding the patents. Thus, there is a significant potential that the PTAB proceedings will result in a streamlining of the issues left to be decided by this Court, ultimately rendering a decision on the merits of this issue unnecessary and conserving the resources of the parties and the Court. As there is no discernible harm from postponing consideration of the issue, the efficiencies that could be realized by awaiting a decision from the PTAB warrant a stay of proceedings.

Accordingly, this case is stayed for all purposes until such time as the PTAB proceedings come to a close, because the PTAB has issued a decision on Defendants' petitions or the Federal

Circuit affirms the preliminary injunction order or for some other reason. Within ten days of its completion, the parties are ordered to file a joint report with the Court setting forth the status of the PTAB and Federal Circuit proceedings and the parties' proposal for the next steps in this case. In the interim, the parties must file a status update every 90 days.

**IT IS SO ORDERED.**

Dated: July 12, 2018



ELIZABETH D. LAPORTE
United States Magistrate Judge