LAW OFFICES OF MARC LIBARLE
Marc Libarle (*State Bar No. 071678*)
ml7006@gmail.com
1388 Sutter Street, Suite 910
San Francisco, CA 94109
Phone: (415) 928-2400

HALLER LAW PLLC
Timothy J. Haller (*Admitted Pro Hac Vice*)
haller@haller-iplaw.com
53 West Jackson Boulevard, Suite 1623
Chicago, IL 60604
Phone: (630) 336-4283

NOBLE IP LLC
Gabriel I. Opatken (*Admitted Pro Hac Vice*)
gabriel@nobleipllc.com
418 North Noble Street, Suite 4
Chicago, IL 60642
Phone: (773) 648-5433

*Attorneys for Plaintiff DODOCASE VR, Inc.*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DODOCASE VR, INC., | Case No. 3:17-cv-07088-EDL |
| Plaintiff, | **PLAINTIFF'S REPLY TO DEFENDANTS' STATUS REPORT** |
| v. | |
| MERCHSOURCE, LLC, et al., | |
| Defendants. | |

Defendant claims now, after a month of unsuccessful efforts to prepare a joint status report, that DODOCASE lacks standing to pursue any patent claim and may lack standing to maintain any claim, specifically including for breach of the MLA. On November 6, 2018, Plaintiff proposed a Joint Status Report <u>substituting</u> DDC for DODOCASE in light of the transfer of the rights in each of the Patents-in-Suit, (ECF 93-1, ¶ a), and causes of action, (ECF 93-1, ¶ d), to DDC. That same day, Defendants provided a revised version requiring the added language: "It is unknown to MerchSource what rights were transferred from DODOCASE to DDC and how that transfer affects

MerchSource in the present in the action. It may be necessary for both DODOCASE and DDC to remain parties in the action." Defendants further revised the report to request leave to take "limited discovery" including, "the corporate structure, principals and ownership of DDC … and whether DDC is sufficiently funded to assume ***DODOCASE's potential liability to MerchSource in this action***." (Emphasis added).

On November 7th, Plaintiff provided a revised version that addressed unnecessary and misleading argument in Defendants' proposal and, based on Defendants' position regarding the need to retain DODOCASE in this action, Plaintiff agreed to simply add DDC rather than seek full substitution. That same day, Defendants provided another revised version that continued to seek voluminous discovery, attempted to disparage DODOCASE and DDC, and claimed that discovery was needed because: "MerchSource's investigation will inform MerchSource's budget and litigation strategy for the PTAB proceedings, the Federal Circuit appeal and the present action. Moreover, it is highly unlikely that the parties could engage in meaningful settlement discussions absent discovery from DDC." Defendants added: "MerchSource understands that its request for discovery from DDC is unilateral discovery. Should the Court determine that bilateral discovery between DDC and MerchSource is more appropriate, MerchSource would be agreeable to such an arrangement."

On November 8th, Plaintiff proposed that the parties either engage in such bi-lateral discovery, with Plaintiff receiving sales information so that it may better determine the extent of damages and potential for settlement. Defendants responded on November 14th by refusing the offer for bi-lateral exchange and proposing another joint status report with new arguments for the requested discovery. Specifically, Defendants' new proposal claimed that the requested discovery was necessary to ascertain defenses under Rule 12(b)(2)-(5) (lack of personal jurisdiction, improper venue, insufficient process, and insufficient service of process respectively). Defendants then proposed: "<u>If</u> the Court is inclined to permit [Plaintiff] to file some sort of supplemental/amended pleading while the case is stayed, then MerchSource requests the Court also Order either that: [Plaintiff] contemporaneously produce all contracts … relating to the alleged transfer of rights …; or MerchSource not be required to answer … or otherwise respond … until

twenty-one (21) days after a stay of this action has been lifted and [Plaintiffs] have produced the documents...." (Emphasis added). Notably, Plaintiff did not, and does not, desire to amend the pleadings before the stay is lifted – Plaintiff proposes that the parties take the least amount of action in this proceeding while it is stayed pending resolution of the Federal Circuit and PTAB proceedings. On November 15th, Plaintiff proposed a non-argumentative joint status report that satisfied the goals of all parties. Defendants rejected that proposal – demanding unilateral production of documents despite their own proposal to this Court that would delay production until after the stay is lifted.

After several further emails and proposals, on November 20th, Plaintiff proposed as follows:

> On November 7th, you appeared amenable to "production of sales information" of MerchSource in exchange for "unredacted versions of all documents relating to the transfer of rights."
> Since that time, you have further confirmed that the only potential, eventual relevance of the information you seek is for the purposes of confirming standing, venue, and jurisdiction and to ascertain "whether additional defenses may exist, particularly those required by Fed. R. Civ. P. 12(b)(2)-(5)." As previously stated, Defendants (like all defendants faced with answering a complaint) are not entitled to any discovery at this stage. You have also rejected Plaintiff's proposal to provide necessary information when an amended complaint is required to be filed – which would afford Defendants ample opportunity to prepare an answer.
> Accordingly, in order to end the incessant back-and-forth regarding the Joint Status Report, Plaintiff proposes as follows:
> 1. Defendants produce their sales information;
> 2. Plaintiff produces the Patent Purchase Agreement, redacted so as to satisfy the purposes advanced by Defendants and protect sensitive information;
> 3. The productions occur simultaneously at an agreed-upon date/time;
> 4. The productions will be designated as "Highly Confidential – Attorneys' Eyes Only"; and
> 5. The Parties will file a non-argumentative Joint Status Report that advises the Court of the transfer of rights from DODOCASE to DDC.
> If this is acceptable, we can move forward with the process of exchange.

In response, Defendants stated unequivocally:

> Moreover, Dodocase's alleged "compromise" offer involves providing only a redacted version of relevant documents. There is no justification for redacting Attorney's Eyes Only documents—the protective order provides ample protection for sensitive business information and does not permit redaction of documents produced AEO. The result of such improper redaction would be that even counsel would not have a full picture of the agreement between Dodocase and DDC. ***Dodocase's proposal is unacceptable***.

Plaintiff's Reply to Defendants' Status Report – 3:17-cv-07088-EDL 3

(Emphasis added). Thus, it is clear that Defendants had no intention of accepting any redaction, regardless of the extent of redaction – Defendants wanted the financial terms of the transfer document to obtain leverage against Plaintiff in future negotiations of settlement. In light of Defendants' most recent position set forth in its filing, (ECF 94), that Plaintiff "should simply produce [the redacted version] – and then MerchSource can respond or question it", Plaintiff produced a redacted version to Defendants' counsel today (the redactions covering only financial information irrelevant to Defendants' stated need for the agreement). Plaintiff is also prepared to provide an unredacted version (with the redacted portions highlighted) to the Court for *in camera* inspection.

The redacted version confirms that DDC has all right and interest in the Patents-in-Suit and the MLA cause of action against Defendants. In other words, DDC fully stepped into the shoes of DODOCASE – nothing has changed with respect to jurisdiction or venue, the propriety of which is set forth in the MLA. And, defenses waived by Defendants' failure to raise them before answering the original complaint, must remain waived. As for the standing of DODOCASE, Defendants' own demands for alleged fees under the MLA against DODOCASE prompted Plaintiff to propose retaining DODOCASE in this matter. Plaintiff is also prepared to address, off-the record, additional provisions in the "Highly Confidential – Attorneys' Eyes Only" agreement that may impact the issue of standing regarding DODOCASE.

There is no legitimate dispute regarding the propriety of adding DDC to this action – the only question is timing. Regarding DODOCASE, efficiency would suggest the retention of DODOCASE in this action – as Defendants demanded previously – though Plaintiff is content with any ruling of this Court. Ironically, in counsels' previous experience, Defendants usually fight to retain the assignor (i.e., DODOCASE) to ensure complete relief in a single action per FRCP 19.

As stated previously, Plaintiff simply requests that any further action be limited to reduce the continuing burden on Plaintiff while this case is completely stayed per this Court's Order – Plaintiff proposes a telephonic conference to benefit the Court.

Dated: December 4, 2018

                                        Respectfully submitted,

                                        */s/ Timothy J. Haller*
                                        HALLER LAW PLLC
                                        Timothy J. Haller (*pro hac vice*)
                                        53 West Jackson Boulevard, Suite 1623
                                        Chicago, IL 60604
                                        haller@haller-iplaw.com
                                        Phone: 630-336-4283

                                        NOBLE IP LLC
                                        Gabriel I. Opatken (*pro hac vice*)
                                        gabriel@nobleipllc.com

                                        LAW OFFICES OF MARC LIBARLE
                                        Marc Libarle (State Bar No. 071678)
                                        ml7006@gmail.com

                                        *Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document is being served on December 4, 2018 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil L.R. 5-1(h)(1).

*/s/ Timothy J. Haller*
Timothy J. Haller